**PACIFIC RIVERS COUNCIL, and The Wilderness Society, Plaintiffs,**

v.

**Jack Ward THOMAS, in his official capacity as Chief of the United States Forest Service; and United States Forest Service, Defendants,**

and

**Intermountain Forest Industry Association; Shearer Lumber Products; Boise Cascade Company; Associated Logging Contractors; Hecla Mining Company; Meridian Gold Company; and Thompson Creek Mining Company, Defendant–Intervenors.**

Civ. No. 94–0159–S–DAE.

United States District Court, D. Idaho.

March 8, 1995.

Todd D. True, Adam J. Berger, Kristen L. Boyles, Sierra Club Legal Defense Fund Inc., Seattle, WA, and Laird J. Lucas, Land & Water Fund of the Rockies, Boise, ID, for plaintiff.

D. Marc Haws, Asst. U.S. Atty., U.S. Attorney's Office, Boise, ID, Lois J. Schiffer, U.S. Dept. of Justice, Land & Natural Resources Division, Washington, DC, James C. Kilbourne, Fred R. Disheroon, Charles R. Shockey, U.S. Dept. of Justice, Environment & Natural Resources Division, Washington, DC, Elinor Colbourn, U.S. Dept. of Justice, Washington, DC, Bruce M. Smith, and Patrick D. Madigan, Rosholt Robertson & Tucker, Boise, ID, for defendants.

Albert P. Barker, Hawley Troxell Ennis & Hawley, Boise, ID, Elizabeth H. Temkin, Scott W. Hardt, Ballard Spahr Andrews & Ingersoll, Denver, CO, B. Newal Squyres, Brian J. King, Murray D. Feldman, Holland & Hart, Boise, ID, Laurie L. Korneffel, Dean R. Massey, Parcel Mauro Hultin & Spaanstra, Denver, CO, Michael J. Brennan, C. William Groscup, Holland & Hart, Washing-

ton, DC, Scott L. Campbell, Elam & Burke, Boise, ID, Bruce M. Smith, Patrick D. Madigan, Rosholt Robertson & Tucker, Boise, ID, Nancy A. Wolff, Richard S. Christensen, Morris & Wolff, St. Maries, ID, and Charles L.A. Cox, and Justin W. Julian, Evans Keane Koontz Boyd Simko & Ripley, Kellogg, ID, for intervenors.

## ORDER DISSOLVING INJUNCTION

DAVID ALAN EZRA, District Judge.

On January 12, 1995, this court issued its Order Granting Injunctive Relief in this matter. Based upon unambiguous Ninth Circuit precedent, this court found that the failure of the National Forest Service to timely complete formal consultation with the National Marine Fisheries Service compelled the order enjoining all ongoing as well as proposed construction, timber, grazing and mining activities in the Boise, Challis, Nez Perce, Payette, Salmon and Sawtooth National Forests in the State of Idaho. *Pacific Rivers Council v. Thomas,* 30 F.3d 1050 (9th Cir.1994); *see also* Opinion of Judge Malcolm F. Marsh entered October 20, 1994 (granting a similar injunction concerning national forests in Oregon) (attached to Plaintiffs' Notice of Supplemental Authority, filed October 26, 1994). This court tailored the injunction to remain in effect only "until formal consultation on the LRMPs [Land and Resource Management Plans] is completed." January 12, 1995 Order at 15. Because of the economic impact on the affected communities in Idaho, this court stayed the effect of the injunction until March 15, 1995 to allow the National Forest Service an opportunity to seek review of this court's order and to allow the National Marine Fisheries Service and the National Forest Service an opportunity to expedite their consultation.

On March 1, 1995, the National Marine Fisheries Service issued its formal Biological Opinion, marking the completion of the formal consultation process. 50 C.F.R. § 402.14 ("[f]ormal consultation is terminated with the issuance of the biological opinion"). The court notes the salutary effect the January 12, 1995 injunction had upon the consultation process.

The Biological Opinion finds that certain activities permitted under the current Land and Resource Management Plans for the National Forests are likely to jeopardize the endangered species and adversely modify their critical habitat. Under the Endangered Species Act (the "Act") and applicable regulations, the National Forest Service must now "determine whether and in what manner to proceed with the action in light of its section 7 obligations and the Service's biological opinion." 50 C.F.R. § 402.15(a); 16 U.S.C. 1531 et seq.

While the National Forest Service therefore faces continuing and serious obligations under the Endangered Species Act, it was the failure to initiate and then to expeditiously complete formal consultation that compelled the enjoining of all activities in the National Forests in question. Because consultation is now complete, in the interests of justice the injunction should now be dissolved. Pending further order of this court, the National Forest Service may proceed with activities not in conflict with its obligations under the Act.

For the foregoing reasons, the court hereby DISSOLVES the injunction issued January 12, 1995.

IT IS SO ORDERED.